# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 19, 2012

## CRAIG O. MAJORS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Montgomery County**
**No. 40701074     Michael R. Jones, Judge**

---

**No.  M2011-02353-CCA-R3-PC - Filed August 13, 2012**

---

Petitioner, Craig O. Majors, was convicted of especially aggravated kidnapping, attempted aggravated robbery, and aggravated burglary in Montgomery County. *See Craig O. Majors v. State*, No. M2009-00483-R3-CD, 2010 WL 2483512 (Tenn. Crim. App., at Nashville, Jun. 21, 2010), *perm. app. denied*, (Tenn. Dec. 8, 2010). Petitioner's convictions were affirmed on appeal. *Id.* at *1. Petitioner sought post-conviction relief on various grounds, including ineffective assistance of counsel. The post-conviction court denied relief. Petitioner now appeals. After a thorough review of the record and applicable authorities, we affirm the post-conviction court's denial of post-conviction relief as Petitioner has failed to show clear and convincing evidence that he is entitled to post-conviction relief. Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

J. S. "STEVE" DANIEL, SP. J., delivered the opinion of the court, in which THOMAS T. WOODALL, and JOHN EVERETT WILLIAMS, JJ. , joined.

Craig O. Majors, Pro Se, Wartburg, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; John W. Carney, District Attorney General; and Steve Garrett, Assistant District Attorney General, for the appellant, State of Tennessee.

# OPINION

## *Factual Background*

The facts that set forth the basis for Petitioner's convictions for especially aggravated kidnapping, attempted aggravated robbery, and aggravated burglary in Montgomery County were set forth in this Court's opinion on direct appeal. *See Craig O. Majors*, 2010 WL 2483512 at *1-3. Petitioner took part in a home invasion of Gene and Wendy Douglas, who testified that:

> [S]he was asleep when she heard her husband calling her for help and asking her to call 9-1-1. She found her husband in the garage struggling with an individual. The individual was on top of her husband and had his hands around her husband's throat. Mrs. Douglas testified that she ran to her husband's aid and struck the assailant in the head. She then ran back to her bathroom where she called 9-1-1 from her cellular telephone. Soon after she made the telephone call, the assailant fled the couple's garage. The couple discovered that the keyless entry to Mrs. Douglas' car was missing, along with her driver's license and a credit union debit card. Within minutes, the police brought a suspect to the couple's home where Mrs. Douglas and her husband separately identified [Petitioner] as the intruder. Mrs. Douglas described the events of that night as "terrifying" and "horrible."

*Id.* at *2. Petitioner was not in possession of any weapons or stolen property. *Id.* at *3. However, shoeprints taken from outside an open window at the scene matched those worn by Petitioner. There were no identifiable fingerprints found at the scene. The second suspect alleged to have been involved in the invasion was never found.

On appeal from his convictions, Petitioner argued that the State utilized peremptory challenges to exclude African-American jurors from the jury; his convictions for especially aggravated kidnapping and attempted aggravated robbery violated due process; the evidence was insufficient to prove his identity; and the trial court improperly sentenced him. *Id.* at *3-9. Petitioner's convictions and sentence were affirmed on appeal. *Id.* at *9.

Subsequently, Petitioner filed a lengthy pro se petition for post-conviction relief, alleging, among other things, that he received ineffective assistance of counsel at trial. At the hearing on the petition for post-conviction relief, Petitioner testified as to various allegations of ineffective assistance of counsel. Specifically, Petitioner claimed that trial

counsel was ineffective because she failed to recognize that the State withheld favorable evidence with regard to the shoeprint found at the scene. Petitioner's main complaint with regard to trial counsel stemmed from the way she handled the issues relating to identification. Petitioner insisted that his identity was the main issue at trial.

Petitioner also complained about the identification process. He thought that it was inherently suggestive but admitted that the issue had been addressed on direct appeal by this Court and he was not granted relief. Further, Petitioner complained that one of the witnesses described the suspect as "light-skinned" and failed to describe the suspect's clothing. Petitioner insisted that had trial counsel more effectively cross-examined the witness there would have been a different result at trial. Petitioner also thought that trial counsel should have tried to impeach one of the detectives by using the testimony of the victims.

Petitioner next complained that trial counsel was ineffective for failing to request a special jury instruction on identity. Petitioner conceded that the jury was in fact given an instruction on identity at trial but complained that it was "basic."

Petitioner testified that trial counsel should have objected to several statements made by the prosecutor in closing argument. On cross-examination, Petitioner emphasized that the primary issue in his petition was about ineffective assistance of counsel with respect to failure to raise issues with regard to identity at trial. Petitioner also complained that appellate counsel failed to raise several issues on appeal.

Trial counsel testified that she was retired from a twenty-five year career in the Public Defender's office. Trial counsel recalled Petitioner's case and determined that based on the evidence and research she did prior to trial there was no basis for a challenge to the identification procedure used. Trial counsel specifically recalled cross-examining the victims but acknowledged that she was concerned because of their emotional state and ability to become sympathetic figures to the jury. Trial counsel felt at the time that any questioning deemed too rigorous would have a negative effect on the jury.

At the conclusion of the post-conviction hearing, the court took the matter under advisement. In a separate order, the post-conviction court examined each allegation presented by Petitioner and determined that Petitioner did not sustain the burden for post-conviction relief. Specifically, the post-conviction court noted that Petitioner was not denied due process by the introduction of a copy of a photograph at trial. The post-conviction court determined that Petitioner failed to present Deputy Willie Wall as a witness at the post-conviction hearing to establish anything about a second suspect. With regard to ineffective assistance of counsel, the post-conviction court determined that: (1) trial counsel was not ineffective for failing to ask for a jury instruction on attempt to commit especially aggravated

kidnapping because the offense was not raised by the proof; (2) trial counsel was not ineffective for failure to challenge the "show up" as unduly suggestive because he "failed to show that the show up tainted the in-court identification;" (3) trial counsel was not ineffective for failing to object to a question about whether the perpetrator's face was partially or fully covered because any objection would have been overruled at trial; (4) trial counsel was not ineffective in failing to cross-examine Wendy or Gene Douglas because Petitioner failed to show how any further cross-examination would have been of benefit; (5) trial counsel was not ineffective for failing to impeach Detective Julie Webb because Petitioner failed to show how this affected the outcome of his trial; (6) trial counsel was not ineffective for failing to introduce a prior statement of Savannah Carroll for impeachment because Petitioner failed to show prejudice; (7) Petitioner failed to present testimony of Deputy Wall and thus could not establish ineffective assistance of counsel by trial counsel for failure to question the deputy about descriptions of the assailant; (8) trial counsel was not ineffective for failing to object to questions about fingerprints because there was no evidence to show prints were known prior to Petitioner being booked; (9) trial counsel was not ineffective for failing to object to whether the intruder was alone or with someone because there was nothing objectionable about the question; (10) trial counsel was not ineffective for failing to "impeach concerning mask" because it was a tactical decision and failure to ask more questions is not ineffective assistance of counsel; (11) trial counsel was not ineffective for failing to cross-examine Gene Douglas about lights and/or that Mr. Douglas's testimony was perjury as Petitioner failed to show prejudice; (12) trial counsel was not ineffective for failing to object to the State's closing argument because there was no improper argument from which to object; (13) trial counsel was not ineffective for failing to request a special jury instruction on identification because Petitioner failed to show the outcome of trial would have been different had the instruction been given; (14) trial counsel was not ineffective for failing to raise a third-party culpability defense because the record shows that trial counsel raised this defense at trial; (15) trial counsel was not ineffective for failing to object to a "racial" remark made during closing as Petitioner failed to show that any statements made by the prosecutor were racial remarks. As a result of the findings, the post-conviction court denied relief and dismissed the petition.

Petitioner filed a timely notice of appeal.[1]

*Analysis*

*Post-Conviction Standard of Review*

_____

[1] After filing the notice of appeal, Petitioner sought leave from the court to proceed pro se on appeal. After a hearing, the trial court granted the waiver of counsel and allowed Petitioner to proceed pro se on appeal from the denial of post-conviction relief.

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Shields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the

-5-

proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

On appeal, Petitioner complains that the post-conviction court improperly denied his petition for post-conviction relief. Specifically, Petitioner argues that he received ineffective assistance of counsel because trial counsel failed in several different ways to properly raise the issue of identification. In fact, Petitioner's lengthy brief and "extented brief" to this Court comprise nearly 300 pages of complaints about trial counsel's performance. The State insists that the post-conviction court "properly denied the petition because [Petitioner] failed to demonstrate that counsel was deficient in any regard or that this alleged deficiency . . . affected the outcome of the trial."

The overriding theme of Petitioner's argument on appeal is that trial counsel erred by not sufficiently challenging witness identification of him as the perpetrator of the offense. Specifically, Petitioner first insists that trial counsel was ineffective for not challenging the "show up" identification as unduly suggestive. Trial counsel testified at the post-conviction hearing that she reviewed the evidence and researched the issue and concluded that she was unlikely to be successful if she challenged the identification process at trial. Petitioner did not show any evidence to the contrary at the hearing on the post-conviction petition. Moreover, this Court addressed the identification made by the victims on direct appeal and found them to be unequivocal. *Craig O. Majors*, 2010 WL 2483512, at *7. The evidence does not preponderate against the post-conviction court's decision in this regard. Petitioner is not entitled to relief on this issue.

Next, Petitioner claims that trial counsel was ineffective in cross-examining and/or failing to impeach the victims at trial. Trial counsel testified that she cross-examined both victims at trial but found them to be very sympathetic witnesses because they were extremely emotional. In her experience, if she cross-examined the victims too harshly it would be counterproductive. Petitioner did not show how further cross-examination would have resulted in a different jury verdict at trial. As pointed out by the post-conviction court, these were trial strategy decisions made and employed by trial counsel. It is not the function of this Court to second-guess trial strategy. *Henley*, 960 S.W.2d at 579. The evidence does not preponderate against the determination of the post-conviction court. Petitioner is not entitled to relief on this issue.

Petitioner alleges that trial counsel was ineffective for failing to request an additional instruction on identification. Petitioner acknowledged that the trial court instructed the jury on this issue at trial but complained that the trial court should have told the jury that identifications made by victims were somehow less reliable. If a jury instruction fails to

"submit the legal issues" or "misleads the jury as to the applicable law" it is erroneous. *State v. Hodges*, 944 S.W.2d 346, 352 (Tenn. 1997). Petitioner has shown neither instance with regard to the jury instructions provided to the jury herein. Further, any comment by the trial court as to the reliability of an identification could have been perceived as a comment on the evidence. The trial court is prohibited from commenting on the evidence. *See* Tenn. Const. art. VI, § 9. The evidence does not preponderate against the determination of the post-conviction court. Petitioner is not entitled to relief on this issue.

Finally, Petitioner complains about trial counsel's failure to object to certain statements made by the State during trial. Specifically, Petitioner alluded to "racial" remarks and statements by the prosecutor that essentially vouched for the credibility of the victims. The post-conviction court determined that there was no basis for the objections. Petitioner has not shown how he was prejudiced by any objectionable statements that may have been made by the prosecutor or how the result of his trial would have been different had trial counsel objected. Petitioner is not entitled to relief on this issue.[2]

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
J.S. "STEVE" DANIEL, SPECIAL JUDGE

---

[2] Petitioner makes an argument in passing about the failure of appellate counsel to raise certain issues with regard to "racial remarks" made by the prosecutor during opening statement on direct appeal. This issue was not, as we can surmise, addressed by the post-conviction court at the hearing on the petition or in the order disposing of the petition. However, a review of the hearing on the post-conviction petition reveals that Petitioner was not represented on appeal by trial counsel. Appellate counsel did not testify at the hearing. Thus, Petitioner cannot show that the decision to fail to address this issue on appeal was ineffective assistance of counsel. Again, it is Petitioner's burden to show that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers*, 942 S.W.2d at 558.